IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JOHAN ANDERS GUDMUNDS
    a/k/a "Mafi"
    a/k/a "Crim"
    a/k/a "Synthet!c"

Criminal No. 15-148

[UNDER SEAL]

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and James T. Kitchen, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.  THE INDICTMENT

A Federal Grand Jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy<br>In and around September 2008 until on or about January 23, 2015 | 18 U.S.C. §§ 371 and 2 |
| 2 | Wire Fraud Conspiracy<br>In and around September 2008 until on or about January 27, 2015 | 18 U.S.C. § 1349 |

3       Money Laundering Conspiracy    18 U.S.C. § 1956(h)
        In and around September 2008
        until on or about January
        23, 2015

## II.  ELEMENTS OF THE OFFENSES

### A.   As to Count 1:

In order for the crime of Conspiracy, in violation of 18 U.S.C. §§ 371 and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That two or more persons agreed to commit offenses against the United States, as charged in the indictment;

2.   That the defendant was a party to or member of that agreement;

3.   That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve objectives, to commit offenses against the United States; and,

4.   That at some time during the existence of the agreement or conspiracy, at least one of its members performed

an overt act in order to further the objectives of the agreement.

> Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.   As to Count 2:**

In order for the crime of Wire Fraud Conspiracy, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. §§ 1341, 1343, 1344, 1347 or 1348 as described in the Indictment, was formed, reached, or entered into by two or more persons.

2.   At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, Grenig and Lee, 2 Federal Jury Practice and Instructions § 31.03 (2002) (revised to exclude overt act requirement, see Whitfield v. United States, 125 S.Ct. 687, 691 (2005); United States v. Shabani, 513 U.S. 10, 16 (1994)).

**C.   As to Count 3:**

In order for the crime of Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h), to be established, the

government must prove all of the following essential elements beyond a reasonable doubt:

1.  That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

2.  That the defendant knew the purpose of the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

3.  That the defendant deliberately joined the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

### III.  PENALTIES

A.  **As to Count 1: Conspiracy (18 U.S.C. §§ 371 and 2):**

1.  Imprisonment of not more than 5 years (18 U.S.C. § 371);

2.  A fine not more than the greater of;

    (a)  $250,000 (18 U.S.C. § 3571(b)(3));

or

(b)   an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c)   a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d)   Any or all of the above.

**B.   As to Count 2:  Wire Fraud Conspiracy (18 U.S.C. § 1349):**

1.   Imprisonment of not more than the maximum number of years prescribed for the offense which was the object of the conspiracy (18 U.S.C. § 1349);

2.   A fine not more than the greater of;

(a)   $250,000 (18 U.S.C. § 3571(b)(3));

or

(b)   an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

5

3.    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4.    Any or all of the above.

C.  **As to Count 3: Money Laundering Conspiracy (18 U.S.C. § 1956(h)):**

1.    A term of imprisonment of not more than twenty (20) years;

2.    A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

3.    If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Restitution may be required in this case as to all counts, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI.   FORFEITURE

As  set  forth  in  the  indictment,  forfeiture  may  be applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

JAMES T. KITCHEN
Assistant U.S. Attorney
PA ID No. 308565